IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLORENCE D. HORTON,

      Plaintiff,

   v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

No.  CIV.S-04-0592 DAD

ORDER

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded with the direction to grant benefits.

**PROCEDURAL BACKGROUND**

Plaintiff Florence Denise Horton applied for Disability Insurance Benefits and Supplemental Security Income under Titles II

1

and XVI of the Social Security Act (the "Act"), respectively. (Transcript (Tr.) at 40-42, 397-99.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 28-31, 33-36.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on June 13, 2003, at which time plaintiff was represented by counsel. (Tr. at 404-21.) In a decision issued on August 21, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 12-20.) The ALJ entered the following findings in this regard:

> 1. The claimant did not engage in substantial gainful activity after October 6, 1999.
>
> 2. The medical evidence establishes that the claimant has post traumatic stress syndrome and depression, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3. The claimant's subjective complaints are not fully credible and not supported by the evidence of record.
>
> 4. The claimant has the residual functional capacity to perform unskilled work. The claimant cannot perform work which involves more than routine contact with the others (20 CFR 404.1545 and 416.945).
>
> 5. The claimant's past relevant work as a housekeeper does not require the performance of the work related activities precluded by the above limitations (20 CFR 404.1565 and 416.965).

/////

2

>      6.   The claimant's impairments do not
>           prevent the claimant from performing
>           her past relevant work.
>
>      7.   The claimant was not under a
>           "disability" as defined in the Social
>           Security Act, at any time on through
>           the date of this decision.

(Tr. at 19-20.) The Appeals Council declined review of the ALJ's decision on January 15, 2004. (Tr. at 4-6.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on March 24, 2004.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a

3

specific quantum of supporting evidence.  <u>Id</u>.; <u>see also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his or her past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

/////

4

1  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant
2  bears the burden of proof in the first four steps of the sequential
3  evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner
4  bears the burden if the sequential evaluation process proceeds to
5  step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.
6  1999).

**APPLICATION**

Plaintiff advances four arguments in her motion for summary judgment.  First, plaintiff argues that the ALJ erred in his assessment of the opinion of Luigi Piciucco, Ph.D., plaintiff's treating psychologist.  Second, plaintiff maintains that the ALJ erred at step three of the sequential evaluation when he determined that plaintiff's impairments did not meet or equal a listed impairment.  Third, plaintiff asserts that the ALJ erred in discounting plaintiff's own testimony as well as the statement of plaintiff's friend regarding the severity of plaintiff's symptoms and the resulting limitations those symptoms place upon her.  Fourth, plaintiff argues that the ALJ failed to take into account plaintiff's inability to work on a continuous and sustained basis.  The court addresses plaintiff's arguments below, although not in the order plaintiff has presented them.

Beginning with plaintiff's argument that the ALJ erred in his assessment of the opinion of plaintiff's treating psychologist, it is well-established that the medical opinion of a treating physician is entitled to special weight.  See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421 (9th

5

1  Cir. 1988). "As a general rule, more weight should be given to the
2  opinion of a treating source than to the opinion of doctors who do
3  not treat the claimant." Lester, 81 F.3d at 830 (citing Winans v.
4  Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). "At least where the
5  treating doctor's opinion is not contradicted by another doctor, it
6  may be rejected only for 'clear and convincing' reasons." Id.
7  (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).
8  "Even if the treating doctor's opinion is contradicted by another
9  doctor, the Commissioner may not reject this opinion without
10 providing 'specific and legitimate reasons' supported by substantial
11 evidence in the record for so doing." Id. (citing Murray v. Heckler,
12 722 F.2d 499, 502 (9th Cir. 1983)).

13    The administrative record indicates that plaintiff, who is
14 in her thirties, was regularly employed for many years prior to her
15 disability onset date, October 7, 1999. On that date, according to
16 the record, plaintiff was assaulted and raped at a hospital where she
17 worked as a janitor. Thereafter, plaintiff developed post-traumatic
18 stress disorder and depression. As a result of these conditions
19 plaintiff's treating psychologist, Dr. Piciucco, opined that
20 plaintiff has either poor or no abilities to make numerous
21 occupational, performance and personal-social adjustments and is
22 totally disabled. (Tr. at 175-77.) The ALJ rejected that opinion
23 because Dr. Piciucco's records "do not contain results of mental
24 status or psychological testing." (Tr. at 16.) The ALJ further
25 explained that Dr. Piciucco's notes "do not contain any objective
26 findings which support his opinion. Moreover, it appears that this

6

assessment is speculative, and is primarily based on the claimant's report of her limitations." (Tr. at 17.)

The court agrees with plaintiff that the ALJ erred in rejecting Dr. Piciucco's opinion because it lacked so-called "objective" support. The medical records indicate that plaintiff was treated by Dr. Piciucco over a three year period from 2000 to 2003. (Tr. at 172-74, 235-68.) The various reports prepared by Dr. Piciucco over that period detail plaintiff's subjective complaints as well as Dr. Piciucco's numerous "objective findings." (Tr. at 235-68.) Dr. Piciucco also expressly indicated that his opinion regarding plaintiff's disability was based on a mental status examination and psychological testing -- although the actual "results" of those tests do not appear in the record -- as well as plaintiff's exhibited poor concentration, memory and judgment. (Tr. at 176.)

Moreover, under Ninth Circuit authority "[d]isability may be proved by medically-acceptable clinical diagnoses, as well as by objective laboratory findings." Sprague, 812 F.2d at 1232 (internal quotations and citations omitted). Since Dr. Piciucco rendered a medically-acceptable clinical diagnosis, the "objective" findings the ALJ apparently had hoped to see are not required under the law. Especially since this case concerns only an alleged mental impairment, it is sufficient that Dr. Piciucco clinically observed plaintiff in his capacity as plaintiff's treating psychologist. See Sprague, 812 F.2d at 1232 ("Dr. Gehlen's opinion is competent psychiatric evidence, based on his clinical observations of Mrs.

Sprague's depression."); see also Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (finding that the ALJ erred in disregarding the opinion of a treating psychiatrist "because it fails to set out 'supporting objective findings'" where psychiatrist set forth a diagnoses, clinical evidence and symptoms of mental impairment); Sanchez v. Apfel, 85 F. Supp. 2d 986, 992 (C.D. Cal. 2000)(finding that the ALJ had no basis for rejecting the opinions of plaintiff's treating physicians on grounds that "there is no objective evidence offered in support of [their] assessment").

Accordingly, the court finds that the ALJ failed to articulate specific and legitimate reasons based upon substantial evidence in the record for rejecting the opinion of plaintiff's treating psychologist, Dr. Piciucco.  Reversal is therefore required.

Turning next to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In evaluating a claimant's subjective testimony regarding pain and severity of his or her symptoms an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness.  See Fair, 885 F.2d at 604 n.5.

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings.  Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848).  Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792.  See also Reddick, 157 F.3d at 722.

Here, the ALJ found plaintiff's testimony to be less than credible since the record "does not reflect that [s]he has been referred to more aggressive therapy" and "reflects that the claimant experienced significant improvement in the severity of her symptoms with medication."  (Tr. at 17.)  The ALJ also relied on the extent of plaintiff's daily activities in rejecting her testimony.  (Id.) However, a careful review of the record reveals that those cited by the ALJ do not amount to specific, clear and convincing reasons for rejecting plaintiff's testimony.

With respect to whether plaintiff engaged in aggressive therapy, the record indicates that plaintiff was twice hospitalized

9

on a psychiatric basis during the four months following the October, 1999 assault and rape. (Tr. at 111-26.) That period also involved significant substance abuse and an attempted suicide by plaintiff. (Id.) Plaintiff began regular therapy sessions in March, 2000 and continued individual psychotherapy at least through April, 2003. (Tr. at 235-68.) Plaintiff saw Dr. Piciucco at a frequency of two sessions per week for a little over two years and once per week thereafter. (Tr. at 196, 235, 250, 410-12.) She was also prescribed four different medications as part of her treatment. (Tr. at 197, 204.) Based on this evidence of lengthy and regular treatment, the ALJ had no basis for rejecting plaintiff's testimony because she had not been referred for "more aggressive therapy."

The ALJ also mischaracterized the record with his terse observation that plaintiff "performs housework, walks her dog, drives, shops and goes fishing." (Tr. at 17.) Plaintiff's written statement and testimony actually indicate that she achieves little around the house due to her hypervigilance (e.g., regularly checking locks on windows and doors) and recollection of trauma. (Tr. at 78-83, 413-14.) Her anxiety and avoidance behavior also severely limit her activities on the few occasions she is able to leave her house. (Id.)

Finally, the court acknowledges that there is some evidence of medications assisting plaintiff in managing her symptoms. However, this evidence alone is insufficient to save the ALJ's credibility analysis. Indeed, the ALJ cited only one medical record in this regard (Tr. at 17, 189) whereas more recent evidence from

plaintiff's treating physician indicates that the prescribed medications are not assisting plaintiff to the degree suggested by the ALJ's remarks (see, e.g., Tr. at 235-42).

For all of these reasons, the court finds that the ALJ failed to offer specific, clear and convincing reasons for not fully crediting plaintiff's testimony.[1]

The ALJ also failed to adequately address the third-party statement of plaintiff's friend, Deborah Gilmore, which corroborates plaintiff's testimony. (Tr. at 97-100.) "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (citing Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)). In a sentence, the ALJ rejected Ms. Gilmore's detailed declaration "given the paucity of clinical findings which support this statement[.]" (Tr. at 19.) Such an explanation does not amount to "reasons germane" to Ms. Gilmore for rejecting her statement. As explained above, the extent

---

[1] The court realizes that the state agency physician who examined plaintiff on October 21, 2002, opined that plaintiff was malingering based on her "suboptimal effort" on the examination and tests administered by that physician. (Tr. at 149-54.) However, the ALJ only briefly summarized that report and did not reference it as one of the reasons he found plaintiff to be less than credible. Further, plaintiff's treating physician expressly rebutted the report, unequivocally stating that "Ms. Horton is not a malingerer. I am certain of that." (Tr. at 173.) Dr. Piciucco further explained that plaintiff's poor performance during the state agency examination was attributable to plaintiff experiencing severe anxiety at that time. (Id.) Therefore, the analysis set forth herein is not impacted by the state agency physician's opinion of malingering, an opinion which is unsupported by any other evidence in the record.

11

of plaintiff's limitations -- to which plaintiff and Ms. Gilmore both offered testimony -- is supported by the clinical observations of plaintiff's treating psychologist and other evidence in the record. Reversal is required for this reason as well.

In light of the errors identified above, it is unnecessary to address the remainder of plaintiff's arguments. However, the appropriate remedy must be determined. The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Hum. Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)). This rule recognizes the importance of expediting disability claims. Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at 1401. Where, as here, there were no legitimate reasons given for disregarding the treating physician's opinion or plaintiff's testimony, there is no need to remand the case for additional findings. See Moore v. Commissioner, 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ "improperly rejected testimony [plaintiff's] three examining physicians"); Holohan, 246 F.3d at 1211; Ghokassian, 41 F.3d at 1304 (awarding benefits where the ALJ "improperly discounted the opinion

12

of the treating physician"); Pitzer, 908 F.2d at 506; Winans, 853 F.2d at 647.

If the opinion of plaintiff's treating physician and plaintiff's own testimony are properly credited, the evidence indicates that plaintiff is unemployable and disabled. Plaintiff filed her application over three years ago and no useful purpose would be served by delaying this matter further for additional administrative proceedings. Therefore, this matter will be remanded with the direction to grant benefits.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner of Social Security is reversed and this case is remanded with the direction to grant benefits.

DATED: September 9, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\horton0592.order.v2

13