IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE D. HORTON, | No. CIV.S-04-0592 DAD |
| Plaintiff, | |
| v. | <u>ORDER RE MOTION FOR</u> |
| JO ANNE B. BARNHART, Commissioner of Social Security, | <u>ATTORNEY FEES</u> |
| Defendant. | |

     Plaintiff brought this action seeking judicial review of an administrative decision denying her claim for disability benefits under the Social Security Act.  <u>See</u> 42 U.S.C. §§ 405(g) and 1383(c). By previous order of the court, the decision of the Commissioner of Social Security ("Commissioner") denying benefits was reversed and this matter was remanded with the direction to grant benefits. Counsel for plaintiff has now filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

/////

1

1   Counsel for plaintiff seeks an award of approximately
2 $5,500.  The motion claims 36.75 hours of attorney time.  Attorney
3 fees under EAJA are set at the market rate, but capped at $125.00 per
4 hour.  See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998)(citing
5 28 U.S.C. § 2412(d)(2)(A)).  Nonetheless, counsel for plaintiff seeks
6 to recover attorney fees at a rate greater than $125.00 per hour to
7 account for inflation.

8   Defendant opposes the motion and seeks the reduction of any
9 EAJA fees award.  Defendant argues that the position of the
10 Commissioner was "substantially justified."  Defendant also argues
11 that the claimed 36.75 hours of attorney time expended on this case
12 by plaintiff's counsel is unreasonable.

13   The EAJA provides that "a court shall award to a prevailing
14 party ... fees and other expenses ... incurred by that party in any
15 civil action ... brought by or against the United States ... unless
16 the court finds that the position of the United States was
17 substantially justified."  28 U.S.C. § 2412(d)(1)(A).  See also
18 Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "Fees and other
19 expenses" include "reasonable attorney fees."  28 U.S.C. §
20 2412(d)(2)(A).  "The statute explicitly permits the court, in its
21 discretion, to reduce the amount awarded to the prevailing party to
22 the extent that the party 'unduly and unreasonably protracted' the
23 final resolution of the case."  Atkins, 154 F.3d at 987 (quoting 28
24 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).  The prevailing party must
25 apply for attorney fees within thirty days of the final judgment in
26 the action.  28 U.S.C. § 2412(d)(1)(B).

1         A party who obtains a remand for the payment of benefits in
2 a social security case is a prevailing party for purposes of the
3 EAJA.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296-302 (1993); <u>see</u> <u>also</u>
4 <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1257 (9th Cir. 2001)("An
5 applicant for disability benefits becomes a prevailing party for the
6 purposes of the EAJA if the denial of her benefits is reversed and
7 remanded regardless of whether disability benefits ultimately are
8 awarded.").  Accordingly, it is undisputed that plaintiff is a
9 "prevailing party" in this case.  It also is undisputed that
10 plaintiff did not unduly and unreasonably protract the litigation.
11         As noted above, however, defendant contends that the
12 position of the Commissioner was "substantially justified."  That
13 contention is unpersuasive.  On the cross-motions for summary
14 judgment, the Commissioner chose to defend a number of obvious flaws
15 in the ALJ's decision.  More specifically, the ALJ's treatment of the
16 evidence including the medical evidence from plaintiff's treating
17 sources, plaintiff's testimony, and the lay testimony of plaintiff's
18 friend was wholly inadequate.  (<u>See</u> Order filed September 9, 2005.)
19 Therefore, the court finds that the position of the Commissioner was
20 not "substantially justified."  <u>See</u> <u>Corbin v. Apfel</u>, 149 F.3d 1051,
21 1053 (9th Cir. 1998)("While the government's defense on appeal of an
22 ALJ's procedural error does not automatically require a finding that
23 the government's position was not substantially justified, the
24 defense of basic and fundamental errors such as the ones in the
25 present case is difficult to justify."); <u>Sampson v. Chater</u>, 103 F.3d
26 918, 921 (9th Cir. 1996)(finding no substantial justification where

3

1 Commissioner "completely disregarded" substantial evidence of
2 disability onset).

3   Defendant also asserts that the amount of attorney time
4 claimed by counsel for plaintiff is unreasonable.  In this regard, 28
5 U.S.C. § 2412(d)(2)(A) expressly provides for an award of
6 "reasonable" attorney fees.  However, "there is more to deciding what
7 is a 'reasonable' fee than calculating a reasonable expenditure of
8 hours times a reasonable rate."  Atkins, 154 F.3d at 989 (citing
9 Hensley v. Eckhart, 461 U.S. 424 (1983)).  The court must also
10 consider "'the relationship between the amount of the fee awarded and
11 the results obtained.'"  Id. (quoting Hensley, 461 U.S. at 437.)

12   Here, plaintiff's counsel secured a remand for the payment
13 of benefits.  Defendant argues that the claimed 36.75 hours of
14 attorney time is excessive.  The undersigned declines to conduct a
15 line-by-line analysis of counsel's billing entries.  See, e.g.,
16 McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa 1999); Stewart
17 v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  However, having
18 carefully reviewed the pending motion, the court finds the claimed
19 36.75 hours is a reasonable amount of attorney time to have expended
20 on this matter.  While the issues presented were straightforward, and
21 while the court is mindful of the expertise of plaintiff's counsel,
22 36.75 hours is comparable to the amount of time devoted to similar
23 tasks by counsel in other social security appeals coming before this
24 court.  The court also appreciates that social security cases are
25 often fact-intensive and is aware of the successful result obtained
26 /////

by counsel. Therefore, counsel for plaintiff is entitled to an EAJA fees award of $5,600.13, which can be broken down as follows:

    2004: 31.5 hours X $151.65     =     $4,776.98; and

    2005: 5.25 hours X $156.79 [1]  =     $823.15

                                                    $5,600.13

The court will order that the motion for attorney fees under EAJA be granted and that counsel for plaintiff be awarded a total EAJA award of $5,600.13.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Counsel for plaintiff's motion for attorney fees is granted; and

    2.  Pursuant to EAJA, counsel for plaintiff is awarded $5,600.13 in attorney fees.

DATED: May 30, 2006.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\horton0592.fees.eaja

---

[1] The EAJA adjusted hourly rates set forth above were computed by multiplying the basic EAJA rate by the consumer price index for urban consumers ("CPI-U") for the year in which the fees were earned, and then dividing the product by the CPI-U in the month that the cap was imposed (which is March, 1996 for this post-amendment case). See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001)(detailing how the cost of living adjustment to the statutory cap is computed). The court recognizes that there is a split of authority on whether to use the national or local (or even regional) CPI to calculate the rate of inflation over the hourly EAJA rate. See Mannino v. West, 12 Vet. App. 242, 243-44 (1999)(gathering cases). The undersigned has used the national change in cost of living to adjust the cap because "if Congress had wanted to allow for the cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).